IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:09CV105-03-V
(5:07CR17-1-V)

| | |
|---|---|
| TONY ARISMENDY PEGUERO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. §2255 filed September 16, 2009 (Doc. No. 1.) No response is necessary from the Government.

## I. PROCEDURAL HISTORY

On April 24, 2007, the Petitioner was charged in a one-count bill of indictment with knowingly and intentionally possessing with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1); (b)(1)(A) and 18 U.S.C. § 2. (Case No. 5:07cr17, Doc. No. 5: Indictment.) On December 6, 2007, Petitioner entered a guilty plea to the indictment pursuant to a plea agreement and appeared with counsel before a magistrate judge for a Plea and Rule 11 Hearing. (Id., Doc. No. 18: Plea Agreement.) At that hearing, Magistrate Judge Carl Horn, III, placed Petitioner under oath and then engaged him in a lengthy colloquy to ensure that his guilty plea was being intelligently and voluntarily tendered. The undersigned specifically asked Petitioner if he had

1

reviewed his indictment and if he understood the charges and its corresponding penalties. Under oath, Petitioner stated that he had reviewed the charges with counsel and understood them, the essential elements and the maximum penalties he was facing. (Id., Doc. No. 40: Transcript of Plea and Rule 11 Hearing at 4-13) Further the undersigned asked Petitioner if he had discussed his right to appeal and if he understood that by pleading guilty he would be waiving his right to trial by jury and all rights attendant thereto. Again, under oath, Petitioner stated that he understood and accepted those limitations and wanted to plead guilty. (Id. at 13-16.) After hearing Petitioner's answers to each of its questions, the magistrate judge found that his guilty plea was knowingly and voluntarily entered and made and that he understood the charges, penalties and consequences of the plea. Accordingly, the Court accepted Petitioner's plea. (Id. at 18.)

On December 9, 2008, Petitioner appeared before the undersigned for a factual basis and sentencing hearing, during which he stipulated that there was a factual basis to support his guilty plea. (Case No. 5:07cr17, Doc. No. 41: Transcript of Sentencing Hearing at 3.) In addition, the Court confirmed that counsel reviewed the presentence report ("PSR" hereafter) with Petitioner. (Id.) After finding Petitioner eligible for the safety valve, 18 U.S.C. § 3553(f), the undersigned sentenced Petitioner to 108 months imprisonment to be followed by three years of supervised release. (Id. at 10.)

Petitioner filed a notice of appeal on December 19, 2008. (Case No. 5:07cr17, Doc. No. 32: Notice of Appeal.) On appeal, Petitioner challenged his guilty plea and argued that his plea was unknowing and involuntary. The Fourth Circuit considered the record and concluded that "[t]he record confirms that the magistrate judge conducted a thorough Rule 11 hearing, ensuring

that Peguero's guilty plea was knowingly and voluntarily made. Peguero's belated claim that he was confused at the hearing and did not understand the consequences of his plea is simply belied by the record." Therefore, the Fourth Circuit affirmed this Court's judgment. United States v. Peguero, No. 08-5268 (4th Cir., August 3, 2009).

On September 16, 2009, Petitioner filed the instant Motion to Vacate challenging the voluntariness of his plea and alleging that his counsel was ineffective because counsel did not fully explain all of the terms to him. Specifically, he contends that his counsel misled him into believing that he was going to get a 24 month sentence. He also argues that he did not understand the waiver provision of his plea and that he made his confusion known to the Court on the record. Petitioner also claims that the Court failed to exercise its discretion to depart for his aberrant behavior.

## II.  STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the ground that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S. C. §2255**. However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of proceedings below, enters summary dismissal for the reasons stated herein.

3

## III.  DISCUSSION

In his first claim, Petitioner contends that his counsel was ineffective because he did not fully explain all the terms of his plea agreement including the waiver of appeal provision or the amount of time he was facing.[1]  Petitioner is essentially challenging the voluntariness of his plea and argues that he was confused at the Plea and Rule 11 hearing and did not understand the consequences of his plea.

The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court."  United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993).  Issues previously decided on direct appeal cannot be recast in the form of a § 2255 motion in the absence of a favorable, intervening change in the law.  Davis v. United States, 417 U.S. 333, 342 (1974); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under Section 2255.").

Here, Petitioner argued on appeal that his guilty plea was unknowing and involuntary.  The Court, after reviewing the transcript of the Plea and Rule 11 hearing, specifically concluded that [t]he record confirms that the magistrate judge conducted a thorough Rule 11 hearing, ensuring that Peguero's guilty plea was knowingly and voluntarily made.  Peguero's belated claim that he was confused at his hearing is simply belied by the record." United States v. Peguero, No. 08-5268 (4th Cir. August 3, 2009).  The Fourth Circuit has determined that

---

[1] To the extent Petitioner is not barred from bringing this claim, he is still not entitled to relief because Petitioner cannot establish prejudice under Strickland c. Washington, 466 U.S. 668, 687-91 (1984), as the magistrate judge explained both provisions of the plea agreement to Petitioner at the Plea and Rule 11 hearing.  (Case No. 5:07cr17, Doc. No. 40: Transcript of Plea and Rule 11 hearing at 4-5, 7, 13-14.)

4

Petitioner's guilty plea and was knowingly and voluntarily made. Accordingly, since Petitioner has not directed the Court's attention to any intervening change in the law which would authorize him to re-litigate this claim in this proceeding, this claim is procedurally barred.

Next, Petitioner claims that the Court erred in failing to exercise its discretion to depart for his aberrant behavior. Petitioner did not raise this issue in his appeal to the Fourth Circuit Court of Appeals. Generally, claims that could have been, but were not raised on direct review are procedurally barred. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). It is well settled that collateral attacks under 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or to errors which inherently result in a complete miscarriage of justice. See United States v. Addonizio, 442 U.S. 178, 184-86 (1979). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of or that he is actually innocent.[2] See United States v. Mikalajunas, 186 F.3d 490, 492, 93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)).

Cause means some impediment. United States v. Smith, 241 F.3d 546, 548 (7th Cir. 2001). The existence of cause for procedural default must turn on something external to the defense. Murray v. Carrier, 477 U.S. 478, 488 (1986). As set forth below, Petitioner has failed to carry his burden of establishing cause. In order to establish "actual prejudice" the defendant must show "not merely that the errors at his trial create[d] a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of

---

[2] Petitioner makes no claim of actual innocence.

constitutional dimensions." Frady, 456 U.S. 167-68 (1982). In this case, Petitioner has not met his burden in establishing cause for failing to raise this claim on direct appeal. Therefore, Petitioner's claim that the Court erred in failing to depart for his aberrant behavior is procedurally barred.

Moreover, even the claim were not barred, it is precluded by the waiver clause in Petitioner's plea agreement. In his plea agreement, Petitioner specifically waived his right to challenge, on collateral review, his conviction or sentence, except on the basis of ineffective assistance of counsel and prosecutorial misconduct. (Case No. 5:07cr17, Doc. No. 18: Plea Agreement ¶ 19.) The Fourth Circuit has recognized the enforceability of these waivers. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Accordingly, Petitioner has waived his right to challenge his conviction or sentence on this basis.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct sentence pursuant 28 U.S.C. §2255 is hereby **DENIED** and is dismissed.


**SO ORDERED**.

Signed: November 2, 2009

Richard L. Voorhees
United States District Judge